# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| CHARLES LEE GALLOW | CIVIL ACTION NO. 3:15-cv-2493 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| CALDWELL CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Pro se plaintiff, Charles Lee Gallow, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 7, 2015. Plaintiff is a prisoner in the Caldwell Correctional Center (CCC). He complains that his right to practice Islam have been interfered with. He sued the CCC and Warden Frederick praying for injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DIMISSED** pursuant to FRCP Rule 41(b).

### *Statement of the Case*

Plaintiff filed his complaint on October 7, 2015. [Doc. 1] On October 15, 2015, he was directed resubmit his complaint on the form provided to prisoners in this district seeking relief pursuant to Section 1983. He was also directed to either pay the filing fee or submit a properly executed application to proceed *in forma pauperis*. [Doc. 3] On November 5, 2015, he complied with that order. [Docs. 4 and 5] On December 7, 2015, his motion to proceed in forma pauperis was granted. [Doc. 8] On December 21, 2015, he was directed to amend his complaint within 30

days to provide more specific information. [Doc. 9] Plaintiff has not responded to that order.

***Law and Analysis***

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff was ordered to amend his complaint within 30 days of December 21, 2015. He has ignored that order. Dismissal of the complaint is warranted.[1]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for

---

[1] It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to cure the defects noted in the order. However, he has ignored that order. Further, he has not contacted the Court since November 5, 2015, when he submitted his complaint and *ifp* application. It thus appears that he is no longer interested in pursuing his claims.

failure to prosecute in accordance with the provisions of FRCP Rule 41(b) and Local Rule 41.3.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, February 8, 2016.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

3